```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MYRTLE HALL and MICHELLE HENRY,                      :
                                                     :
                              Plaintiffs,            :
                                                     :          12 Civ. 7214 (JMF)
                  -v-                                :
                                                     :          MEMORANDUM
WELLS FARGO BANK N.A., a National Bank;              :          OPINION AND ORDER
FREDDIE MAC, a Virginia corporation;                 :
TIFFANY & BOSCO, P.A., a Professional Association,   :
                                                     :
                              Defendants.            :
                                                     :
-------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/27/2013

JESSE M. FURMAN, United States District Judge:

In this action, commenced on September 25, 2012, Plaintiffs Myrtle Hall and Michelle Henry, appearing *pro se*, assert claims against Defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*; the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.*; and the Arizona Consumer Fraud Act, A.R.S. § 44-1521, *et. seq.* Plaintiffs also seek to quiet title to the property located at 5044 W. Charleston Circle South, Chandler, Arizona 85226 (the "subject property").

Plaintiffs filed their Amended Complaint on December 11, 2012. (Docket No. 21). Defendant Tiffany & Bosco P.A. was served on January 3, 2013, and proof of service was filed with the Court on January 15, 2013. (Docket No. 36). On February 1, 2013, Plaintiffs filed a Motion for Default as to Defendant Tiffany & Bosco P.A. (Docket No. 38). By Order dated February 6, 2013, the Court directed Defendant Tiffany & Bosco P.A. to file any opposition to Plaintiffs' Motion for Default no later than February 15, 2013, with the reply to be filed no later than February 25, 2013. (Docket No. 39). On February 12, 2013, Plaintiffs filed an additional document styled "Plaintiffs['] Request for Entry of Default Judgment" against Defendant Tiffany & Bosco P.A. (Docket No. 45). On February 15, 2013, Tiffany & Bosco P.A. appeared in this

action and filed a Motion to Dismiss, as well as a Memorandum of Law in Opposition to Plaintiffs' Motion for Default Judgment and in Support of its Cross-Motion to Dismiss the Amended Complaint.  (Docket Nos. 49-53).  On February 19, 2013, Plaintiffs filed a document titled "Motion to Strike and Opposition to Defendant Tiffany and Bosco," which appears to serve as a reply in further support of Plaintiffs' Motion for Default Judgment.  (Docket No. 57).

In considering whether to deny or relieve a party of a default, a district court must consider three factors: "(1) whether the default was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense is presented."  *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010).  To conclude that a defendant's default was willful, the Court must find "more than mere negligence on the part of the defendant in defaulting."  *Id.* (internal quotation marks omitted).  To determine whether the plaintiff would be prejudiced, the Court "must consider the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy, resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion."  *Id.* (internal quotation marks and alterations omitted).  Finally, to determine whether a meritorious defense has been presented, the Court must consider whether the defendant has "present[ed] evidence of facts that, if proven at trial, would constitute a complete defense."  *Id.* (internal quotation marks omitted).  This standard reflects the Second Circuit's strong "preference for resolving disputes on the merits."  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks omitted).

Here, these factors call for denial of Plaintiffs' Motion for Default.  First, Tiffany & Bosco P.A. asserts that it was not properly served with the Amended Complaint, as the Court did not issue a new Summons for Plaintiffs' Amended Complaint.  (Def.'s Mem. Opp'n 4).  Although it appears that this argument is meritless, as there was no need for the Court to issue a new summons when no new defendants were added in the Amended Complaint, Tiffany &


Bosco P.A.'s confusion is understandable and does not constitute "willful" behavior. Second, there are no grounds on which to find that Plaintiffs have been prejudiced by any delay caused by Tiffany & Bosco P.A.'s dilatory conduct, particularly because discovery in this matter will not proceed pending resolution of Defendant Wells Fargo Bank's Motion to Dismiss (Docket No. 27). *See Kulwa v. Obiakor*, No. 12-CV-1868 (JG) (MDG), 2013 WL 504383, at *7 (E.D.N.Y. Feb. 8, 2013) (explaining that prejudice "refers to more than simple delay . . . . Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion" (internal quotation marks omitted)). Third, Tiffany & Bosco P.A. raises a number of potentially meritorious defenses in its Memorandum of Law in Support of its Motion to Dismiss, including lack of personal jurisdiction and improper venue. (*See* Def.'s Mem. Opp'n 5-7). Accordingly, Plaintiffs' Motion for Default Judgment is denied.

The Court next considers Plaintiffs' Motion for a Temporary Restraining Order, which was filed on February 23, 2013. (Docket No. 62). In their Motion, Plaintiffs seek a court order to stay "Defendants, or any of them, Defendants' officers, agents, servants, employees, and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the subject property, reporting the subject Original Petition for Wrongful Foreclosure property for any other sale, or otherwise disturbing or attempting to disturb Plaintiff[s'] peaceable possession and enjoyment of the subject property during the pendency of this cause." For largely the same reasons that were stated in this Court's February 8, 2013 Order denying Plaintiffs' Motion for Preliminary Injunction (Docket No. 44), the Court does not believe that preliminary relief is warranted at this time. Specifically, Defendants have raised several potentially meritorious arguments as to why Plaintiffs' Complaint should be dismissed, and Plaintiffs have not carried

their burden to demonstrate a likelihood of success on the merits in this action.  *See Moore v. Consol. Edison Co.*, 409 F.3d 506, 510 (2d Cir. 2005) (explaining that preliminary injunctive relief "'should not be granted unless the movant, by a clear showing, carries the burden of persuasion'" (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  Accordingly, Plaintiffs' Motion for a Temporary Restraining Order is denied.

As noted above, along with its opposition to Plaintiffs' Motion for Default Judgment, Tiffany & Bosco P.A. also filed a Motion to Dismiss Plaintiffs' Complaint.  (Docket No. 51).  It is hereby ordered that any opposition to Tiffany & Bosco P.A.'s Motion to Dismiss is to be filed no later than **March 12, 2013**.  Any reply is due no later than **March 19, 2013**.

Finally, on February 23, 2013, Plaintiffs filed a Motion to Supplement the Complaint. (Docket No. 59).  Any opposition to Plaintiffs' Motion is to be filed no later than **March 12, 2013**.  Plaintiffs' reply, if any, is due no later than **March 19, 2013**.

The Clerk of Court is directed to terminate Docket Nos. 38, 45, 57, and 62.

SO ORDERED.

Dated: February 27, 2013
      New York, New York

_____
JESSE M. FURMAN
United States District Judge