UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
        :
MYRTLE HALL and MICHELLE HENRY,        :
        :
        Plaintiffs,        :        12 Civ. 7214 (JMF)
        :
        -v-        :        MEMORANDUM OPINION
        :        AND ORDER
WELLS FARGO BANK N.A., *a National Bank*;        :
FREDDIE MAC, *a Virginia corporation*;        :
TIFFANY & BOSCO, P.A., *a Professional Association*,  :
        :
        Defendants.        :
        :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/3/2014

JESSE M. FURMAN, United States District Judge:

        In this action, Plaintiffs Myrtle Hall and Michelle Henry, proceeding *pro se*, asserted claims against Defendants Wells Fargo Bank N.A. ("Wells Fargo"), Freddie Mac, and Tiffany & Bosco, P.A. ("Tiffany & Bosco") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*; the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.*; and the Arizona Consumer Fraud Act, A.R.S. § 44-1521, *et. seq.* (Am. Compl. (Docket No. 21)). Plaintiffs also sought to quiet title to property located at 5044 W. Charleston Circle South, Chandler, Arizona 85226 (the "subject property"). (*Id.*). By order entered on July 15, 2013, the Court dismissed Plaintiffs' case for failure to prosecute. (Docket No. 81). Plaintiffs now move for relief from that dismissal order. (Docket No. 93).

        To understand the Court's dismissal, a brief recitation of the slightly complicated procedural history of this case is necessary. Plaintiffs commenced this case on September 25, 2012. (Docket No. 1). On October 25, 2012, Defendant Wells Fargo filed a motion to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure. (Docket No. 9). On

November 5, 2012, the Court issued an order granting Plaintiffs an opportunity to amend their complaint (Docket No. 13), which they did on December 11, 2012.  (Docket No. 21).  That same day, Plaintiffs also filed a motion for leave to use the Court's electronic filing (that is, "CM/ECF") system to file and receive documents.  (Docket No. 22).  By order entered on December 17, 2012, the Court granted that motion, expressly cautioning Plaintiffs that they must "regularly review the docket sheet of the case in order not to miss a filing" because "e-mail is not foolproof."  (Docket No. 25).

On January 2, 2013, Wells Fargo filed a new motion to dismiss (Docket No. 27), which Plaintiffs opposed in a memorandum filed electronically on February 8, 2013 (Docket No. 43).  On February 1, 2013, Plaintiffs themselves filed a motion seeking a court order to stay a foreclosure sale of the subject property, which was scheduled for February 11, 2013.  (Docket No. 37).  The Court denied that motion by Order dated February 8, 2013.  (Docket No. 44).  On February 1, 2013, Plaintiffs also filed a motion for default judgment as to Defendant Tiffany & Bosco.  (Docket No. 38).  On February 15, 2013, Tiffany & Bosco appeared and filed a motion to dismiss Plaintiffs' amended complaint, as well as a memorandum of law in opposition to Plaintiffs' motion for default judgment and in support of its cross-motion to dismiss the amended complaint.  (Docket Nos. 50, 51).  On February 23, 2013, Plaintiffs filed a motion to supplement the complaint.  (Docket No. 59).  By Order dated February 27, 2013, the Court denied Plaintiffs' motion for default judgment, instructed that any opposition to Tiffany & Bosco's motion to dismiss was to be filed no later than March 12, 2013, and instructed that any reply in further support of Plaintiffs' motion to supplement the complaint was to be filed no later than March 19, 2013.  (Docket No. 64).

On May 3, 2013, Defendant Freddie Mac, which had filed an answer to the original complaint, also filed a motion to dismiss the amended complaint. (Docket No. 76). In an order entered June 5, 2013, the Court noted that Plaintiffs had opposed neither Tiffany & Bosco's nor Freddie Mac's motions to dismiss, and had not communicated with the Court at all since February 24, 2013 — just two weeks after the foreclosure sale had been scheduled to occur. Accordingly, the Court observed that there was "some reason to believe that Plaintiffs [had] abandoned their claims in this action." (Docket No. 79, at 2). Out of an abundance of caution, however, the Court gave Plaintiffs a "final opportunity" to oppose Freddie Mac's motion. (*Id.*). The Court cautioned that, if Plaintiffs' opposition was not received by June 21, 2013, it would "treat Defendant Freddie Mac's motion to dismiss as unopposed." (*Id.*).

The Court did not receive any opposition to Freddie Mac's motion — or any other communication from Plaintiffs — by June 24, 2013, and accordingly, by order entered the same day, it granted the unopposed motions to dismiss filed by both Tiffany & Bosco and Freddie Mac. (Docket No. 80). Given the reasons to believe that Plaintiffs had abandoned the action altogether (that is, their failure to respond to the motions filed by Tiffany & Bosco and Freddie Mac and the likelihood that the subject property had already been sold at foreclosure), the Court further instructed Plaintiffs to communicate with the Court, in writing, as to whether they intended to proceed with the rest of the case. (*Id.*). The Court explicitly stated that if it "[did] not receive any communication from Plaintiffs by July 12, 2013, [it would] dismiss the case altogether for failure to prosecute without further notice to the parties." (*Id.*).

The Court did not receive any communication from Plaintiffs by the July 12, 2013 deadline, so, true to its word, it dismissed the case for failure to prosecute on July 15, 2013 (the "Dismissal Order"). (Docket No. 81). Later that same day, however, Plaintiffs electronically

3

filed an opposition to the motions to dismiss filed by Tiffany & Bosco and Freddie Mac — that is, the motions that had been granted the previous month. (Docket No. 82). In a letter filed on July 29, 2013, Plaintiffs also requested that the Court re-open their case. (Docket No. 83). Noting that it viewed that request "with skepticism" in light of the "multiple opportunities Plaintiffs had to prosecute this action," the Court nevertheless granted Plaintiffs leave to seek relief from the Dismissal Order pursuant to Rule 60 of the Federal Rules of Civil Procedure, or any other applicable Rule, and required Plaintiffs to file any such motion by September 3, 2013. (Docket No. 84).

On August 13, 2013, Plaintiffs submitted a "Second Notice to the Court," citing the "mailbox rule" as a reason for their late opposition to the motions to dismiss and requesting that the Court "review the record in its entirety, and file an Order proceeding with the [case]." (Docket No. 85). In an order entered two days later, the Court noted that it was "far from clear that Plaintiffs [were] entitled to extra time for mailing, as they were previously granted permission to use the ECF system," and that, "[e]ven if they were entitled to three extra days," their opposition was untimely as the deadline to oppose the motions had been June 21, 2013. (Docket No. 88, at 1). The order reminded Plaintiffs that the Court had "invited" them to seek relief pursuant to Rule 60, or any other applicable Rule, and indicated that if Plaintiffs did not file any additional materials by the September 3, 2013 deadline, the Court would treat the "Second Notice" as a motion under Rule 60. (*Id.* at 2).[1] On August 30, 2013, Plaintiffs filed a formal motion for reconsideration pursuant to Rule 60(b). (Docket No. 93).

---

[1]    In that same order, the Court also revoked Plaintiffs' permission to use the CM/ECF system and directed that all future submissions to the Court by Plaintiffs be mailed to the Pro Se Office of the Court. (Docket No. 88).

A motion for reconsideration under Rule 60(b) constitutes "extraordinary judicial relief," and accordingly "is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 385 F. App'x 29, 31 (2d Cir. 2010) (summary order). Such motions are generally "not favored," and the burden is on the party seeking reconsideration to show:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, . . . or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Marrero Pichardo*, 374 F.3d at 55. "Generally, courts require that the evidence in support of a Rule 60(b) motion be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties. Although . . . papers submitted by *pro se* litigants [are subject] to a less rigorous standard than those drafted by attorneys, *pro se* litigants are not excused from the requirement that they produce highly convincing evidence to support a Rule 60(b) motion." *Howard v. MTA Metro-N. Commuter R.R.*, 866 F. Supp. 2d 196, 210 (S.D.N.Y. 2011) (alteration, citations, and internal quotation marks omitted).

Plaintiffs have presented no exceptional circumstances that justify reconsidering the Dismissal Order. Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a complaint for a plaintiff's failure to prosecute the action, *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001), and, as of mid-2013, the Court had good reason to question Plaintiffs' intent to continue prosecuting this action. Plaintiffs represented that the foreclosure sale was to take place on February 11, 2013, and from February 24, 2013 to July 15, 2013, they did not communicate with the Court in any way, despite the multiple orders to do so

(*see* Docket Nos. 64, 79, 80) and Plaintiffs' access during that time period to the Court's electronic filing system (*see* Docket No. 25).  In its June 24, 2013 Order, the Court expressly warned Plaintiffs the case would be dismissed in its entirety if Plaintiffs failed to communicate with the Court by July 12, 2013, and they failed to do so — a failure that cannot be attributed to the vagaries of the mail system or the Clerk of Court's Office insofar as Plaintiffs had privileges to file electronically at the time.  (Docket No. 80).  In short, Plaintiffs "cannot seriously contend that [they were] unaware of the [C]ourt's intention to consider the ultimate sanction of dismissal," and present no other reason justifying relief from the Dismissal Order.  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (affirming district court's decision denying plaintiffs' motion to reconsider dismissal for failure to prosecute).  Accordingly, Plaintiffs' motion for reconsideration is denied.

The Clerk of Court is directed to terminate Docket No. 93 and to mail a copy of this Memorandum Opinion and Order to Plaintiffs.

    SO ORDERED.

Dated: April 2, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge